THE IOWA AND MINNESOTA R. R. CO. v. PERKINS.

| 28 | 281 |
| 140 | 749 |

1. Practice: WHERE CAUSE IS STATED IN DIFFERENT COUNTS. To entitle a party to the remedy provided by section 2934 of the Revision, where the same cause of action is stated in different counts, he should file a motion to strike, supported by affidavit that the different counts are for only one cause of action. A motion for the adverse party to elect, not supported by such affidavit, is insufficient.

2. Evidence: RAILROAD SUBSCRIPTIONS. In an action upon a subscription to the stock of a railroad company, the subscription book into which the names and subscriptions of the defendant and other subscribers were transcribed from a memorandum or paper on which they were originally written, at a meeting held for the purpose of procuring subscriptions, is admissible in evidence without accounting for the loss or absence of the memorandum, when it appears that the person soliciting the subscriptions was empowered, by the authority conferred at the meeting, to thus transcribe the subscriptions.

3. —— STAMPS. Nor would the objection, in such case, that the original memorandum or paper was not stamped, be available to exclude the subscription book, it being properly stamped.

4. Practice: EVIDENCE. The action of the court below, in excluding certain evidence, will not be disturbed when the exact nature of the evidence excluded is not disclosed by the record.

5. Stamps: PRESUMPTION. An instrument having the appropriate revenue stamp attached thereto will be presumed to have been stamped by the proper person, and at the proper time.

6. Instruction: PRACTICE. It is not error to refuse an instruction respecting a question not put in issue by the pleadings.

7. Railroad subscription: SPECIAL CONDITIONS. To entitle a railway company to recover under a special subscription to aid in the construction of its road through a certain county, payable in installments as the work progresses, it is not necessary that the whole amount of capital stock, as fixed by the articles of incorporation, should have been subscribed.

8. —— LIABILITY GOVERNED BY TERMS OF SUBSCRIPTION. In such case the liability of the subscribers is governed by the terms of the subscription, and not by the articles of incorporation, and their subscriptions become due upon the survey, location and progress of the

VOL. XXVIII. — 36

The Iowa and Minnesota Railroad Co. v. Perkins.

road, payable in installments as provided by the terms of subscrip-
tion.

9. —— RULE EXEMPLIFIED. It was accordingly *held*, in the present
case, that a failure on the part of the plaintiff to show that assessments
were made upon the stock by the board of directors of the company,
and the publication of notice of such assessments as provided by the
articles of incorporation, would not prevent a recovery.

10. —— The same rule was held respecting the fact that the assess-
ments, under which payments were sought of the defendant, were
not made upon all the stock subscribed, but were confined to the
stock of the subscribers of the county, to aid the construction of
the road through which, the subscriptions were made.

*Appeal from Warren District Court.*

WEDNESDAY, DECEMBER 8.

ACTION upon a subscription to the capital stock of
plaintiff; verdict and judgment for plaintiff; defendant
appeals. The facts of the case sufficiently appear in the
opinion.

*Nourse & Kauffman* and *H. McNeil* for the appellant.

*Polk, Hubbell & Barcroff* for the appellee.

BECK, J.—I. During the progress of the trial plaintiff,
with leave of the court, filed an amended petition, adding
another count to his original petition, and claiming therein
to recover on account of one share of the capital stock sub-
scribed by defendant, for which he had undertaken to pay
plaintiff, according to the articles of incorporation, etc.

After answering this amended petition, defendant
moved the court to require plaintiff to elect upon which
count of his petition he relied to recover. This motion
was overruled, and exception taken thereto. The appel-
lant insists that the amended petition does not show a

statement of a cause of action other or different than that set out in the original petition, nor that plaintiff is entitled to different relief than is therein claimed. If so, the petition, as a whole, is obnoxious to Rev. § 2934. But defendant did not assail the petition in the manner prescribed in that section, namely, by a motion to strike, supported by affidavit that the different counts, in fact, are based upon the same cause of action.

II. At the trial the book of subscriptions to the stock of the plaintiff, containing the names and subscriptions of defendant and others, was admitted in evidence, the defendant objecting thereto, on the ground that it was not the original contract sued on, and that proper proof of loss of the original instrument had not been made. The defendant, in his answer, denies the execution of the subscription sued on. The evidence tended to show that the subscription of defendant was taken under the following circumstances: A meeting in the township in which defendant lived was held for the purpose of raising subscriptions to the stock of the railway company; defendant attended the meeting. The objects of the subscription and the terms and conditions were fully made known and explained, and the people present were solicited to subscribe. The names of the subscribers and amounts of the subscriptions were written by the parties soliciting upon a small book or slip of paper, upon the subscribers authorizing them so to do. These subscriptions were afterward transcribed by an officer of the company into the book offered in evidence. The officer of the company was empowered by the subscribers, by the authority conferred at the meeting, so to do.

The book and slips of paper, upon which the names and amounts were written at the meeting, were but memoranda of the authority conferred upon the officer of the company to make subscriptions in the name of the differ-

ent parties agreeing to take stock in the corporation. The book admitted in evidence thus became the original contract or subscription, and was properly admitted without proof of the loss, as claimed by defendant.

Proper instructions were given the jury upon the questions raised by defendant's denial of the execution of the subscription.

III. It is objected that the book was improperly admitted in evidence, because it was not shown that the original instrument was stamped. But, as we have seen, the book itself is the original. It is properly stamped. The objection is not, therefore, well taken.

IV. It is claimed by defendant that the court refused to admit testimony as to the party who affixed the stamps. Several witnesses for defendant testified upon this subject, stating that they did not know by whom the stamps were affixed. The defendant testified that he did not stamp the subscription. So far, the fact assumed by this objection is not sustained by the record. The record, however, states, using its language, that "objection was made by plaintiff as to evidence as to who put on stamp. Objection sustained."

What was the nature or character of this evidence does not appear. We must presume that the court ruled correctly in excluding it.

V. The defendant asked certain instructions (4, 5 and 14), to the effect, that, unless the jury find that the subscription book was a correct copy of the instrument signed by defendants, or by some one authorized by him so to do, which was duly stamped by defendant, or some one duly authorized so to do by him, or by the proper revenue officer, and if there is no evidence showing by whom the stamps were affixed to the book, it is not a valid instrument.

These instructions were properly refused; so far as they

assume the fact that the book is a copy, they are erroneous. The issue of fact submitted to the jury was, whether the defendant authorized his name to be subscribed to this book. The court most clearly could not have instructed the jury that plaintiff could not recover unless it proved the original instrument, upon which the suit is founded, to be a copy. The instructions given by the court covered the point of issue, whether defendant authorized his name to be signed to the book. That was the question to be determined by the jury, and not whether the instrument was or was not a true copy of another paper.

The subscription of defendant, as it appeared in the book, was properly stamped. It is presumed· to have been done by the proper party at the proper time, and the law was so declared to the jury in instruction number 6, given by the court upon its own motion. The radical error in the argument of defendant's counsel is, in assuming that the book is a copy, and nothing more ; conceding it to be the original instrument, which it in fact is, his objections so far are clearly untenable.

VI. The defendant asked the court to instruct the jury, in substance, that if plaintiff's agent took defendant's subscription upon a blank book without any written terms of subscription, and assured defendants that if $75,000 or $100,000 were not raised he would not have any thing to pay, and the road would not be located through Warren county (its location through that county being a condition of the subscription), and if in fact but $59,000 were subscribed, the defendant was not liable. This instruction was rightly refused. The answer of defendant raises no such issues of fact as are contemplated in this instruction. It is not pleaded as a defense that defendant's subscription was conditional upon other subscriptions, to the amount indicated in the

instruction, being raised, nor are the other conditions referred to set up in the answer as grounds of defense.

VII. By the articles of incorporation of plaintiff, its capital stock is fixed at $6,000,000. The stock actually subscribed was about $117,000. The defendant insists that no assessments and collections can be made upon the stock until the whole is subscribed. Instructions presenting this view of the law were asked and refused. The point is presented for our determination in the argument of defendant's counsel. The subscription to which defendant's name is affixed, and which is the foundation of the suit, is in the following words: " We, the undersigned, citizens of Warren county, Iowa, agree and obligate ourselves to pay the sums set opposite our names, as stock in the Iowa and Minnesota Railway Company, for the purpose of grading and bridging said road through the county of Warren, from Des Moines, by the way of Indianola, in the direction of Osceola, according to the articles of incorporation of said railway company. Five per cent due and payable as soon as the above named road shall have been surveyed and located, the balance in installments of ten per cent, as the work progresses; but not oftener than once in thirty days. It is further agreed and understood, that the stock so subscribed shall be used in the grading, bridging and tieing said road in the county of Warren." The articles of incorporation of the plaintiff do not require that all of the capital stock shall be taken before the company can have a legal existence, or commence and prosecute the enterprise it was organized to accomplish.

It is unnecessary to determine the question raised by defendant in its application to stock subscribed generally to the capital of the company, and without the conditions and provisions embodied in the subscription of defendant. As to defendant's subscription, the question presents a

very different phase.  He subscribes for a specific object, and the money he pays in as a part of the capital of the company is to be expended for a particular purpose — the building of a specified portion of the road.  It is obvious, that as plaintiff had a legal existence and could prosecute the work of building the part of the road to which defendant's subscription could alone be applied, that payments can be enforced according to the terms of the subscription.  The authorities cited by defendant's counsel are not applicable to the question raised by the peculiar conditions of defendant's subscription.

VIII.  The defendant insists that plaintiff failed to prove assessments upon the stock by the board of directors of the company, and the publication of notices of such assessments in accordance with the articles of incorporation.  Attention to the terms and conditions of defendant's subscription will furnish an answer to this objection. They provide that five per cent of defendant's subscription shall be payable when the road is surveyed and located, and "the balance in installments of ten per cent, as the work progresses, but not oftener than one in thirty days."  It is obvious that defendant's subscription becomes due upon the survey, location and progress of the work upon the road, to be paid in installments, as provided therein.  Defendant's liability is fixed and controlled by the subscription he signed, not by the articles of incorporation of the company.  They provide that five per cent of the stock of each subscriber shall be due and payable at the time of subscription, the balance in installments of ten per cent, as ordered by the board of directors, upon notices to be published in such newspapers along the line of the road as the directors may designate. The installments, however, are not to be called for oftener than once in thirty days.  The subscriptions generally to the capital of the company are governed by the provisions

of the articles of incorporation.   Defendant's subscription is special in its character, and rests upon its own conditions.   If it is due and payable according to the articles of incorporation, it follows that all its conditions must give way to the provisions of that instrument.   In that case, five per cent of defendant's subscription would be due at once, without regard to the survey and location of the road, and the balance could be collected and expended without regard to the progress of the work in Warren county.   But this cannot be claimed.   In our opinion, the survey and location of the road in Warren county, and the progress of the work therein, determined defendant's liability, and fixed the times at which his subscription became due.   No question is made by defendant as to these facts.

IX.   Certain notices, introduced in evidence, show that the assessments, under which payments were required of defendant, were confined to the stock of the subscribers of Warren county.   It is insisted that the assessments should have been upon all the stock, and not being so made, defendant is not liable in this action.

The views above expressed, sufficiently answer this objection.   The condition of defendant's subscription required it to be expended in Warren county, and it was payable as the work upon the road, in that county, progressed.   It may be collected without regard to assessments upon the stock subscribed generally to the capital of the company, without conditions.

X.   It is urged that the verdict is contrary to the evidence.   The evidence is conflicting, and while we may doubt whether the verdict is in accordance with the preponderance of testimony, we do not think it is so in conflict therewith as to justify us in reversing the judgment upon that ground.

                                        Affirmed.