## JAMES ET AL. *v.* THE GREENSBORO AND NEWCASTLE JUNCTION TURNPIKE COMPANY.

TURNPIKE.—*Assessment.—Appeal.*—An appeal lies to the Supreme Court from the judgment of a circuit court rendered on an appeal from the order of the board of county commissioners directing the assessment of land for constructing a turnpike road.

SAME.—*Description of Route.*—Where the course is definite and certain, and the *termini* can be ascertained from the description given, the route is sufficiently described. That which can be rendered certain is sufficiently certain.

SAME.—*Pleading.*—The statute does not contemplate pleadings in such a case. The defendants have the benefit of all legal objections they can urge against the making of the assessment, without pleading them.

SAME.—*Articles of Association.—Evidence.*—On the trial of the appeal in the circuit court, the articles of association of the company are admissible in evidence without proof of their execution, it being shown that they have been duly recorded as required by statute. From the time the articles of association are recorded in the recorder's office of the proper county, the association is to be deemed a corporation.

From the Henry Circuit Court.

*M. E. Forkner* and *E. H. Bundy,* for appellants.

*J. T. Elliott,* for appellee.

WORDEN, J.—The appellee filed a petition before the Board of Commissioners of Henry County for an order for the assessment of benefits to lands lying within the required distance of the road of the company.    The petition was granted by the board, and the assessment ordered.

The appellants herein took an appeal to the circuit court, where the cause was tried, with the same result as before the board.

The appellee makes the point in this court, that no appeal lies in such case from the board of commissioners to the circuit court.

It was decided, however, in the recent case of *Alexander* v. *The McCordsville and Clarksville Gravel Road Co.,* 44 Ind. 436, that such appeal lies.   The case cited disposes of this point.

The appellants moved in the court below to dismiss the petition, because the course and *termini* of the road were too indefinite, and because the petition did not show that the proposed road had been definitely located, so that it might be ascertained what lands lay within the required distance.

This motion was overruled, and exception taken.

The *termini* and course of the road, as described in the petition, are as follows:   "From a point on the Newcastle and Spiceland turnpike, about forty poles south-east from the north-west corner of section four, in township sixteen, north of range ten east, and four and one-half rods north of the bridge near Margaret Hoover's; thence west to the pike leading from Greensboro to Spiceland, in said county."

We are of opinion that the description is sufficiently definite and certain.   The point on the Newcastle and Spiceland turnpike, "about" forty poles south-east of the north-west corner of the land described, standing alone, may be too uncertain; for "about" gives no idea of a definite point. But this uncertainty is aided by another description.   The starting point is four and one-half rods north of the bridge mentioned.     Then the course is to be west to the pike men-

tioned in the description. The course is definite and certain; and the *termini* can be ascertained from the description given. There is nothing, so far as we can discover, that takes the case out of the general rule, that that which can be rendered certain is sufficiently certain.

We think, also, that the petition sufficiently shows the location of the road, assuming that it is necessary for the petition to show it. It alleges the making of the proper estimate of the costs, and asks that the lands lying within the required distance of the road, " as the same is located," be assessed. We think it may be safely assumed that the location was made upon the line described in the articles of association, unless the contrary appear.

The appellants filed in the court below an answer of several paragraphs, but this was struck out on motion, and the appellants excepted. In this we think no error was committed. The statute does not contemplate pleadings in such cases. The defendants had, as they were entitled to have, the benefit of all legal objections which they could urge against the making of the assessment, without pleading them.

The appellants moved for a new trial, because,

" 1. The finding of the court is contrary to law, and not supported by sufficient evidence.

" 2. The finding of the court is contrary to the evidence."

3. (The point made on this reason in the court below is abandoned here.)

" 4. Error of law committed on the trial in admitting as evidence the articles of association of the appellee, without proof of their execution."

The evidence, we believe, tended to establish all the facts necessary to entitle the company to the assessment.

This disposes of all the reasons for a new trial, except the last.

A bill of exceptions shows, that on the trial of the cause the plaintiff offered in evidence the articles of association of the company, to which the appellants objected, on the ground,

that the execution of the articles had not been proved ; but the court overruled the objection, and admitted the articles without proof of their execution.   The articles offered were the original articles of association, and not a duly certified copy thereof, but they had been duly recorded in the proper recorder's office.   The statute, 1 G. & H. 474, sec. 1, provides for the recording of the articles in the recorder's office of the proper county, and from that time the association is to be deemed a corporation.   Had a duly certified copy of the articles, from the recorder, been offered, there can be no doubt that it would have been admissible without further proof, under sec. 283, 2 G. & H. 183.   Now, as a mere copy of the articles, certified to be a copy of the record, would have been competent without proof of their execution, it seems to us that the original, it having been duly recorded, should be admitted in the same manner.   There is no reason for requiring proof of the execution of the articles in the one case that does not prevail in the other.   The harmony of the law and public convenience require, as we think, that the rule should be the same in both cases.

The judgment below is affirmed, with costs.