Boynton, J.
There are many authorities that hold that no valid assessment or call can be made upon a subscription to the capital stock of a corporation, until the whole stock is taken, where the right to make the same is unaffected by contract, or by the statute.
Salem Mill-Dam Corporation v. Roper, 6 Pick. 23; Stoneman Br. R. R. Co. v. Gould, 2 Gray, 277; Troy R. R. Co. v. Newton, 8 Gray, 596; Contoocook Valley R. R. Co. v. Barker, 32 N. H. 370; Shultz v. The S. & I. R. R. Co., 9 Mich. 269; Sewey’s Island R. R. Co. v. Bolton, 48 Maine, 457; Summersett Railroad Company v. Clark, 61 Maine, 379; Hughes v. Antietam Manufacturing Co., 34 Md. 316; The Peoria & Rock Island Railroad Co. v. Preston, 35 Iowa, 115; Hoagland v. The Cin. & Ft. Wayne R. R. Co., 18 Ind. 452; Fox v. The Allensville Turnpike Co., 46 Ind. 31; Green’s Brice’s Ultra Vires, 105, note; 1 Red. Railway, 176.
The rule is said to rest upon an implied agreement that *26 the subscription is conditional upon tbe whole number'of’ shares being taken; but the authorities thus holding are-quite uniform in the further holding, that such rule always yields to a different understanding of the parties. Kennebec & Portland R. R. Co. v. Jarvis, 34 Me. 360; York & Cumberland R. R. Co. v. Pratt, 40 Me. 447; People’s Ferry Co. v. Balch, 8 Gray, 314; Phillips v. Covington Bridge Co., 2 Met. (Ky.) 219; Estell v. Knightstown Turnpike Co., 41 Ind. 174; Iowa & Minn. R. R. Co. v. Perkins, 28 Iowa, 281.
We do not find it necessary in the present case to determine whether, or, if at all, to what extent, the statute authorizes assessments to be made upon subscriptions to the capital stock of a corporation befoi’e the stock is fully subscribed, as under a proper interpretation of the-contract of subscription the plaintiff became liable to assessments or calls on the sum by him subscribed, when subscriptions, made in good faith, amounting to $700,000, had been secured between Springfield and Jackson. If it be true, as is claimed, that upon an unconditional subscription to the capital of a corporation, no liability to assessment can arise until all the shares are taken, it is equally true, there being nothing in the statute prohibiting it, that the subscriber may waive such exemption from liability, and give to the company, or confer upon its officers, the right to call in the subscription made, at any time when an agreed number o.f shares, less than the whole, shall have been taken. This, we think, is what was done in the-present ease, and what the parties to the contract contemplated and intended. The company was organized to construct and operate a railroad from Springfield to Pomeroy. The capital stock was $2,000,000. The plaintiff subscribed for forty shares, the sum of $2,000, undertaking “ to pay the same to the authorized'agent of said company, in such installments as may, from time to time, be required by the directors of said company, under the provisions of the-charter of said company, and the laws governing the same.” Providing, however, that his subscription should “ not be *27 binding, until the aggregate sum of $800,000, in bona fide subscriptions, should be made to the capital stock of the company, between Springfield and Jackson;” and it was further stipulated that no contract for the construction of the l’oad east of Jackson should be made, until the building of that part between Springfield and Jackson was assured. Subsequently, by agreement of the parties, the sum of $700,000 was substituted for the $800,000.
The circumstance of this modification of the terms of the original contract has an important bearing on the intention of the parties, when viewed in the light of its previous provisions, and in connection with the remaining language of the proviso, which substantially secured the application of this sum, if necessary, to the construction oí the road west and. north of Jackson.
The change from one sum to the other, obviously was made to facilitate and advance the commencement of the work; or as is stated in the petition, “to induce the board of directors of the company to proceed to put said road in course of construction.” To do this, funds were required;, and the capital subscribed was the natural, and the only source provided, from which such funds were to be supplied. The opposite view is,’and it constitutes the plaintiff's contention, that the stipulation in the proviso, that his subscription should not be binding until the aggregate sum of $700,000 in bona fide subscriptions was secured between Springfield and Jackson, converted the transaction into a mere agreement to subscribe; that it provided for him a sort of locus penitentice. But it is hardly to be supposed that the success of an enterprise contemplating the expenditure of $2,000,000 would have been left to the uncertainty, or hazard, which such a construction of the contract involves. Such could not have been the understanding of the parties. It is more rational to conclude, that they were willing to open the work, when the $700,000, should be provided to carry it forward.

Judgment affirmed.