A. W. & E. P. CLEGG v. THE GALVESTON HOTEL CO.

(No. 48, Tex. L. J., vol. 1, p. 71.)

ERROR from Galveston County. Opinion by ECTOR, P. J.

§ 621. *Parol evidence of representations by agents securing subscriptions for shares in joint stock company; when admissible.* The Galveston Hotel Company brought suit against A. W. & E. P. Clegg to recover a balance due on one share of $500 of the capital stock of the Galveston Hotel Company. That portion of the answer of defendants which related to the verbal representations and agreements of the solicitor of stock, made at the time of the subscription for said stock, was, on demurrer of plaintiff, stricken out, and this is one of the errors complained of.

All the cases we have examined hold that parol representations or agreements, made at the time of the subscription for stock, and inconsistent with the written terms of the subscription, are inadmissible to vary the terms of the written contract. Such parol representations or agreements as are inconsistent with the written terms of the subscription are inadmissible and void unless fraud or mistake is pleaded and shown. It is an elementary principle of the law of evidence that oral testimony shall not be admitted to vary the terms of a written contract unless to show fraud or mistake. In Wight v. Shelby R. R. Co. 16 B. Mon. (Ky.) 4, the court say that parol evidence is inadmissible to vary the terms of the subscription unless there is fraud or mistake in the execution of the same. That subscribers to railroad stock are presumed to know the provisions of the charter under which the subscription is taken. Under a proper state of pleadings, the representations of an agent may be given in evidence." Says the supreme court of Pennsylvania: "Such evidence is admissible to show the fraud by which subscriptions to the stock of a corporation were obtained, if such representations were a part of a scheme

of fraud participated in by the officers of the corporation authorized to manage its affairs, or if the representations were such as the subscriber might reasonably presume the agent had authority to make." [Custar v. Titusville Gas Co. 63 Pa. St. 381.] If, however, a subscriber to a capital stock company has been deceived by the fraud of the company or its agents, as soon as he is informed of the fraud he should repudiate his subscription, and neither participate in the organization of the company nor pay any assessment or demands afterwards made on him by the company.

§ 622. *Joint stock company; whole stock must be subscribed before any calls can lawfully be made.* Where the charter of the Galveston Hotel Company read: "Sec. 4. The capital stock of said company shall be $250,000, with the privilege of increasing the same at the discretion of not less than three-fourths of the stockholders to any sum not exceeding $1,000,000. Said capital stock shall be divided into shares of $500 each, to be paid for in the following manner: ten per cent. of the amount subscribed for to be deposited with the treasurer of the company at the time of subscribing, and the balance at such times and in such amounts or instalments as the board of directors may order; provided, that not more than ten per cent. shall be called for oftener than once within thirty days;" and where it was further shown that only two hundred and fifty-four shares of $500 each of the capital stock had been subscribed, and no more, *held*, it is an essential condition to making calls in those companies where the number of shares and the amount of the capital stock is fixed, that the whole stock shall be subscribed before any calls can lawfully be made. [1 Redfield on Law of Railways (4th ed.), p. 109; Salem Mill Dam Corp. v. Ropes, 6 Pick. 23; Stoneham B. R. R. Co. v. Gould, 2 Gray, 277; Central T. Corp. v. Valentine, 10 Pick. 142; 6 Cush. (Mass.) 5; 8 id. 110; 10 Me. 172; 14 N. H. 543; 32 id. 363; 13 Met. (Mass.) 311; 2 Met. (Ky.) 314; 34 Me. 360; 28 Iowa, 281; 35 Iowa, 115.]

In Galveston Hotel Co. v. Bolton, decided at the present term [46 Tex. 634], it was held that no assessment could be made upon the shares of a stockholder until the full amount of stock is subscribed. See, also, Peoria & C. R. R. Co. v. Preston, 35 Iowa, 115.

March 22, 1877.                    Reversed and remanded.