STEINMETZ *v.* THE VERSAILLES AND OSGOOD TURNPIKE CO.

TURNPIKE.—*Directors.—Irregularity in Election.—Action for Stock.—Quo Warranto.*—Irregularity in the election of the directors of a turnpike company is no defence to an action by such company to collect stock subscribed by the defendant to its preliminary articles of association, though it might be ground for a *quo warranto* proceeding to oust such directors.

SAME.—*Pleading.—Complaint.—Calls by Directors.*—Where, in such action, the complaint alleges the election of a board of directors, who then located the turnpike and made calls for the amounts of subscriptions, it is sufficiently shown that such election preceded the making of such calls.

SAME.—*Articles of Association.—Location of Towns and Cities.—Judicial Notice.*—The articles of association of such company, filed with the complaint in such action, are properly a part of the complaint, and where such articles state the termini of the road to be within a certain county, the courts of this State will take notice that a road running from one of such termini to the other is located wholly in such county.

SAME.—*Residence of Subscriber.*—The use of a double comma, following the name of a subscriber to such articles of association, under the name of a certain specified locality, sufficiently designates such subscriber's residence.

SAME.—*Failure to Designate Residence.*—Where such articles fail to designate the residence of some of the subscribers, and improperly designate that of others, but the amount subscribed by those whose residence is rightly designated is sufficient to make the amount required by law, such subscriptions are valid.

SAME.—*Judgment.—Appraisement Laws.*—Judgment may be rendered in such action collectible without appraisement.

From the Ripley Circuit Court.

*E. P. Ferris* and *W. W. Spencer,* for appellant.

*G. Durbin,* for appellee.

WORDEN, J.—This was an action by the appellee, against the appellant, to recover the amount of one hundred dollars, subscribed by the defendant to the preliminary articles of the plaintiff's association.

Demurrer to the complaint, for want of sufficient facts, overruled, and exception.

The defendant answered in five paragraphs. The first, which we suppose was the general denial, was withdrawn. A demurrer was sustained to each of the other paragraphs, and there was final judgment for the plaintiff.

We proceed to consider the points made in the brief of counsel for the appellant.

The complaint alleges, that, after the filing of the articles of association in the office of the recorder of the county, viz., in 1874, "five directors were elected by the stockholders of said company, and proceeded to, and did, locate said road on the route specified in the articles of association,    *    *    *    and did, on the 22d day of May, 1874, require payment from subscribers," etc.

Here the complaint goes on to specify the calls made.

The statute requires, that notice of the first election for directors shall be given by two weekly publications in some newspaper printed on or near the route of the road. 1 R. S. 1876, p. 655, sec. 2.

It was urged, that the complaint was bad, because it did not allege that the proper notice had been given of the election for directors. Any irregularity in the election of directors is no ground on which the payment of a subscription for stock can be resisted, though it might be ground for a *quo warranto* to oust the directors. *The Covington, etc., Plank Road Co.* v. *Moore*, 3 Ind. 510; *Johnson* v. *The Crawfordsville, etc., Railroad Co.*, 11 Ind. 280. The validity of an election of directors can not be attacked in this collateral way.

In the case of *Miller* v. *The Wild Cat Gravel Road Co.*, 52 Ind. 51, it was held, that an allegation that the calls were made by the board of directors of the plaintiff was

sufficient, without alleging, in terms, that a board of directors had been elected, because calls could not have been made by a board of directors unless such board had been elected.

It is also urged, that the complaint was bad, because it did not show that the directors were elected before the calls were made. This is shown by the complaint, as we understand it. The complaint alleges the election of the directors, and that the directors proceeded to locate the road, and to make the calls.

It is further urged, that the complaint should have shown that the road was located in Ripley county only, in order that it might appear that filing the articles of association in that county was sufficient. This is shown by the complaint.

The articles of association, filed with the complaint, are properly a part thereof, because they are the foundation of the action. The articles specify the terminal points of the road, and state them to be in Ripley county, and State of Indiana. Then the complaint alleges, that the road was located on the route specified in the articles of association. The road was to run from the town of Versailles to Osgood, terminating at specified points in each of those places. And we will take notice, that a road running from one of those places to the other will not run out of Ripley county.

The objections to the complaint are not well taken.

We proceed to the answer. The fourth and fifth paragraphs only need be considered, as no objection is urged, in the brief of counsel for the appellant, to the ruling below as to the second and third. The fourth and fifth were substantially alike, but the fourth was pleaded in bar, and the fifth in abatement, of the action.

These paragraphs make the articles of association a part thereof, and allege, that the road was five and one-eighth miles in length, making a stock subscription of two thousand five hundred and sixty-two dollars and fifty

cents necessary.    They allege, that the residence of some of the subscribers was not stated at all in the articles, as required by the statute, and that others were only stated by placing the double comma under the name of a place previously written; and that the place of residence of other subscribers was wrongfully stated, they residing elsewhere than at the place stated.    Hence, it was concluded, that there was not a valid subscription for the necessary amount of stock.

In looking at the articles, we find, that, by leaving out of view all those subscriptions where the residence of the subscriber is not stated, and all those whose residence is alleged to have been wrongfully stated, there was a much larger subscription than is required by the statute, if we include those marked by a double comma under a place already stated, thus:

| Names of subscribers. | Residence. | No. of shares. | Amount. |
| --- | --- | --- | --- |
| William A. Wayland, | Versailles. | 1 | $50.00. |
| Benj. F. Spencer, | " | 2 | 100.00. |

We have heretofore had occasion to consider this question, and concluded, that the residence of a party was sufficiently indicated in the above manner.    *Miller* v. *The Wild Cat Gravel Road Co., supra.*    We see no reason to change the conclusion then arrived at.

This view renders it unnecessary that we should determine the effect of a mis-statement by a subscriber of his residence.

The court committed no errors in sustaining the demurrers to these paragraphs.

Judgment was rendered collectible without appraisement.    This was authorized by the statute.    1 R. S. 1876, p. 661, sec. 19.

The judgment below is affirmed, with costs and ten per cent. damages.