## ATHERTON v. THE SUGAR CREEK AND PHILADELPHIA TURNPIKE COMPANY.

TURNPIKE COMPANY.—*Corporation.—Record of Articles.*—A turnpike company is deemed to be a corporation, from the time its articles are recorded in the proper recorder's office.

SAME.—*Irregularity.—Action for Stock Subscribed —Quo Warranto.*—Irregularity in or after the election of the directors of a turnpike company might be ground for a *quo warranto*, but is no defence to an action by the company to collect stock subscribed to its preliminary articles.

PRACTICE —*Reconsideration of Ruling on Demurrer, after Withdrawal of General Denial.*—The court having sustained a demurrer, for insufficiency, to the affirmative paragraphs of an answer, to which the defendant excepted, he then withdrew his general denial, whereupon the court reconsidered its previous action and overruled said demurrer, to which the defendant excepted.

*Held*, that the action of the court was not error.

DEMURRER TO EVIDENCE.—*Inference.*—Where a party to an action on trial before a jury, on the conclusion of the evidence of the opposite party, demurs to the evidence, every thing which the evidence tends to prove, including every fair inference, will be taken against him, and if the jury, had it completed the trial, might have found a verdict against him, his demurrer should be overruled.

From the Hancock Circuit Court.

*R. A. Riley*, for appellant.

*J. A. New* and *I. P. Poulson*, for appellee.

NIBLACK, J.—This was a suit by the Sugar Creek and Philadelphia Turnpike Company, against Alexander P. Atherton, for a sum of money alleged to be due on his

subscription of six shares of capital stock, of twenty-five dollars each, to the preliminary articles of association for the formation of such company.

The complaint averred the execution of the articles of association by the defendant, the filing and recording of such articles in the recorder's office of the proper county, the assessment by the directors of the company of certain sums upon the defendant's stock, which he was required to pay, and notice and the non-payment of the assessments.

The defendant demurred to the complaint for want of sufficient facts, but the court overruled his demurrer.

He .then answered in four paragraphs :

1. Denying the existence of the corporation ;

2. Alleging that the supposed corporation had never organized by the election of proper officers, and that, by reason of its continued failure to elect such officers, for more than two years, it had forfeited its franchise ;

3. Fraud and deceit in procuring the defendant's signature and subscription to the articles of association sued on ;

4. In general denial.

The plaintiff demurred separately to the first, second and third paragraphs of the answer, and the court sustained the demurrer to all three of those paragraphs.

The defendant thereupon withdrew the fourth paragraph of his answer. The court then reconsidered its action holding the first and second paragraphs to be insufficient, and overruled the plaintiff's demurrer to said paragraphs, to which rulings of the court the defendant objected and excepted.

Issue being joined, the cause was submitted to a jury for trial, and, after the evidence for the plaintiff was concluded, the defendant demurred to the evidence and the plaintiff joined in the demurrer. The court thereupon dis-

charged the jury, and, the demurrer to the evidence being overruled, assessed the plaintiff's damages at one hundred and forty-four dollars and five cents.

After the damages had been thus assessed, the defendant moved the court for a new trial, assigning as causes, amongst other things, the alleged improper admission of evidence upon the trial and the insufficiency of the evidence to sustain the action, all having reference to the evidence, or certain portions of it, to which his demurrer to the evidence of the plaintiff related, but the court overruled his motion and rendered judgment for the plaintiff, for the sum so assessed as damages.

Errors are assigned upon the overruling of the demurrer to the complaint, upon the sustaining of the demurrer to the third paragraph of the answer, upon the action of the court reconsidering its rulings on the demurrer to the first and second paragraphs of the answer, upon the overruling of the demurrer to the evidence, and upon the refusal of the court to grant a new trial.

The objections urged to the complaint are :

1. That facts were not averred showing that the plaintiff had regularly organized as a corporation by the election of directors and other officers ;

2. That it contained no averment that certain things had been done by the company, which were necessary for its continued existence as a corporation.

It has been held by this court, that, from the time the articles of association of a turnpike company are recorded in the recorder's office of the proper county, the association is to be deemed a corporation. *James* v. *The Greensboro, etc., Turnpike Co.*, 47 Ind. 379 ; 1 R. S. 1876, p. 654, sec. 1.

It has also been held that irregularity in the election of the directors of a turnpike company is no defence to an action by such company to collect stock subscribed by the defendant to its preliminary articles of association, though

such irregularity might be ground for a *quo warranto* to oust such directors. *Steinmetz* v. *The Versailles and Osgood Turnpike Co.*, 57 Ind. 457.

The same rule, we think, applies to irregularities occurring after the election of directors, which are merely collateral to the direct proceedings necessary to enable the company to collect the stock subscribed to its preliminary articles. We, therefore, see no error in the decision of the court overruling the demurrer to the complaint.

No argument has been made in favor of the sufficiency of the third paragraph of the answer. We are, consequently, not required to consider the question of its sufficiency; but, as to representations made to secure subscriptions to the preliminary articles to a similar association before it became a corporation, see *Miller* v. *The Wild Cat Gravel Road Co.*, 37 Ind. 241, S. C., 52 Ind. 51, and *Fox* v. *The Allensville, etc., Turnpike Co.*, 46 Ind. 31.

The demurrer to both the first and second paragraphs of the answer were ultimately overruled by the court, and as to that the appellant certainly has no reason to complain. Neither can the appellant be heard to complain that the court permitted him to withdraw the fourth paragraph of his answer, even if by so doing he was placed in a worse position upon the trial of the cause. The appellant, by his withdrawal of that paragraph of his answer, took the risk as to the consequences which might result from such withdrawal.

On a demurrer to evidence, every thing will be taken against the party demurring which the evidence tends to prove, including every fair inference deducible therefrom. *Pinnell* v. *Stringer*, 59 Ind. 555.

Where a party to an action, which is being tried by a jury, upon the conclusion of the evidence, demurs to such evidence, his demurrer should be overruled, if, from the

evidence, the jury might have found a verdict for the opposite party. *Stanford* v. *Davis*, 54 Ind. 45.

Applying the rules thus laid down to the case in hearing, we can not say that the court erred in overruling the demurrer to the evidence, as there seems to have been evidence tending to establish all the facts necessary to a recovery in the action.

It was assigned as a cause for a new trial, that the court had erred in the assessment of the damages, the amount assessed being too large, but nothing has been presented here in support of that allegation.

Other questions are discussed by counsel, but we are of the opinion that what we have said practically disposes of all the questions fairly arising upon the record.

The judgment is affirmed, with costs.