Washer v. The Allensville, Center Square and Vevay Turnpike Company.

————————— ◆ —————————

No. 8231.

WASHER v. THE ALLENSVILLE, CENTER SQUARE AND VEVAY TURNPIKE COMPANY.

PLEADING.—*Complaint.*— *Turnpike Company.*— *Corporate Existence.*—In the complaint of a turnpike company, an allegation of the date when its articles of association were filed sufficiently shows the beginning of its corporate existence.

SAME.—*Corporation.*—In the complaint of a corporation, the pleader is not required to allege every fact necessary to its original organization, or anticipate supposed defences growing out of irregularities occurring in or after the election of directors.

Washer *v.* The Allensville, Center Square and Vevay Turnpike Company.

COURTS.—*Adjourned Terms.*—*Reason for Adjournment.*—The act of March 7th, 1877, regarding adjourned terms, Acts 1877, Reg. Sess., page 28, repealed the act of February 12th, 1855, R. S. 1881, section 1333, but not section 793, 2 R. S. 1876, p. 313, R. S. 1881, section 1332.

SAME.—*Jurisdiction.*—An order November 6th, 1878, reciting that the October term would expire by limitation November 9th, 1878, leaving business pending and undisposed of for want of time, appointing an adjourned term for Monday, November 11th, 1878, and directing publication, supplemented by a like order November 9th, 1878, and due proof of the publication of a copy of the order in the designated paper, November 7th, 1878, show a substantial compliance with the statutes, and that the court meeting Monday, November 11th, 1878, had jurisdiction of parties appearing without objection, and of the subject-matter of their cause tried before a jury.

EVIDENCE.—*Turnpike Company.*—*Lost Articles of Association.*—*Copy.*—Where it is proved that the original articles of association of a turnpike company are lost, the record of the copy filed in the recorder's office may be given in evidence.

SAME.—*Books of Corporation.*—The books of a corporation are competent evidence for and against its members in an action between the corporation and its members.

PRACTICE.—*Instruction.*—*Directing Verdict.*—The court may, in a proper case, when the evidence is all in, direct the jury to find a verdict in favor of the party entitled to it.

SAME.—*Supreme Court.*—*Record.*—*New Trial.*—Unless the record elsewhere show the action of the court complained of in a motion for a new trial, no question arises for the decision of the Supreme Court.

TURNPIKE.—*Location.*—The description of a turnpike in the articles of association of the company organized to build it, is a location.

From the Switzerland Circuit Court.

*S. Carter* and *J. B. McC'rellis,* for appellant.

*W. D. Ward* and *T. Livings,* for appellee.

BICKNELL, C. C.—This was an action by the appellee against the appellant to recover fifty dollars, the price of two shares of the capital stock of said company subscribed for by the appellant.

A demurrer to the complaint for want of facts sufficient, etc., was overruled.

The answer was in two paragraphs, duly verified. The first paragraph was a general denial of "every allegation of the complaint, including the execution of the instrument sued on."

The second paragraph was a plea of *nul tiel* corporation.

The issues were tried by a jury, who returned a verdict for the plaintiff, the appellee. From the judgment on that verdict this appeal was taken.

A motion for a new trial was overruled.

The appellant assigns errors as follows:

1. In overruling the demurrer to the complaint.

2. That the court had no jurisdiction of the subject of the action and no jurisdiction to try the action, at the time it was tried.

3. That the court erred in overruling the motion for a new trial.

The complaint avers the corporate existence of the plaintiff, for the purpose of building a gravel road from Allensville to the end of the Vevay, Mt. Sterling and Versailles turnpike in Switzerland county, Indiana, in all a distance of five miles; that the articles of association of said corporation were filed in the recorder's office of said county on the second day of January, 1870; that a board of directors of said corporation was duly elected by its stockholders, and duly qualified; that said directors entered upon the discharge of their duties; that the defendant subscribed for two shares of $25 each of the capital stock of said company for the construction of said road; that said board, before this suit was commenced, made an order, requiring the subscribers to said stock to pay the amount of their unpaid subscriptions to David Scott, the treasurer of said corporation, at his residence in Jacksonville, on or before April 1st, 1872; that notice of said order was duly given, by publishing the same in the *Vevay Reveille*, on March 2d, 1872, the same being a newspaper printed and published in said county; that said subscription is due and unpaid, and the payment thereof has been unreasonably delayed, and that plaintiff is entitled to interest thereon from said April 1st, 1872. Wherefore, etc.

A copy of the said articles of association was annexed to the complaint and made part thereof, and was as follows:

"We, whose names are hereto subscribed, form ourselves into a corporation for the purpose of constructing and owning a macadamized turnpike from the town of Allensville to the end of the Vevay, Mt. Sterling and Versailles turnpike in Switzerland county, Indiana.

"Said corporation shall be known as the Allensville, Center Square and Vevay Turnpike Company. Said road shall be built and constructed from Allensville to the end of the Vevay, Mt. Sterling and Versailles turnpike, commencing at Allensville and running thence on the Vevay and Lawrenceburgh road, to the State road leading from Vevay to East Enterprise; thence on said highway leading from said Vevay and Lawrenceburgh road to said Vevay and Enterprise road, to Center Square; thence on said Vevay and East Enterprise road, to the end of the Vevay, Mt. Sterling and Versailles turnpike, near the residence of James Brown, or as near the above named route as a good, practicable way for said road can be had; that the capital stock of said company shall be fifteen thousand dollars, to be divided into shares of twenty-five dollars a share."

Then follow the names and residences of about seventy-five subscribers, with the amounts by them respectively subscribed, aggregating upwards of $2,700, and among them is the defendant's subscription, as follows:

"Alexander Washer, Cotton township . . . . . . . . . $50"

In the case of *Fox* v. *The Allensville, Center Square and Vevay Turnpike Co.*, 46 Ind. 31, a complaint, substantially the same as the foregoing complaint, and exhibiting the same articles of association, was held good upon demurrer. And in *Atherton* v. *The Sugar Creek and Philadelphia Turnpike Co.*, 67 Ind. 334, it was held that from the time the articles of association of a turnpike company are filed in the recorder's office of the proper county, the association is to be deemed a corporation. The same ruling was made in *James* v. *The Greensboro, etc., Turnpike Co.*, 47 Ind. 379. It was held in *Steinmetz* v. *The*

*Versailles and Osgood Turnpike Co.*, 57 Ind. 457, that an irregularity in the election of the directors of a turnpike company is no defence to an action by such company to collect stock subscribed to its preliminary articles of association ; and, in the case above cited, 67 Ind. 334, it was held that the same rule applied to irregularities occurring after the election of directors, which are merely collateral to the direct proceedings necessary to enable the company to collect the stock subscribed to its preliminary articles. In *State, ex rel. The Monroe Gravel Road Co.*, v. *Stout*, 61 Ind. 143, it was said by this court, that, in a suit by a corporation, every fact necessary to the existence thereof need not be alleged, either generally or specifically. There was no error in overruling the demurrer to the complaint.

As to the second error assigned, the point made is that the court lost its jurisdiction by adjourning the court in a mode not authorized by the statutes.

The statutes in force at the time of said adjournment were the following :

" If any judge of the circuit court shall adjourn the court before having gone through the business pending, and before the expiration of the time fixed by law, the record must show the reason for adjournment." Practice Act, section 793.

" When the business pending in any of the courts of this State shall remain undisposed of at the close of any term of court, the judge may adjourn the court to any other time in vacation, of which notice shall be published in some newspaper of general circulation in the county, and at such adjourned time proceed with the business of the court, as a part of the regular term of said court at which the adjournment was ordered, and all parties, witnesses, jurors and officers shall attend as they were required to do at the regular term." Acts 1877, Reg. Sess., p. 28, section 1.

The 7th section of this last mentioned act repeals " all laws and parts of laws " inconsistent therewith ; it repeals, therefore, the act of February 12th, 1855, 2 R. S. 1876, p. 14, which

provided that public notice of the adjournment should "be given in some manner, to be specified by said court;" but section 793 of the Practice Act, not being inconsistent with said act of 1877, is not repealed thereby. *Slaughter* v. *Gregory*, 16 Ind. 250.

The record shows that on the 6th day of November, 1878, the court entered upon its order book an order, reciting that the October term of court would expire by statutory limitation on the 9th day of November, 1878, leaving business pending, undisposed of for want of time, and declaring that "an adjourned term is hereby ordered and appointed to begin on Monday, November 11th, 1878, for the transaction and disposition of such business, undisposed of," and that " such adjourned term continue as part of this, the regular term." ·

The order further declared that all parties, witnesses, officers, and petit jurors, should attend said special term without further notice than as therein required, and that notice of the holding of said adjourned term should be given by publication of a copy of said order, certified under the hand and seal of the clerk of the court, in the *Vevay Reveille,* a weekly newspaper of general circulation, printed and published in said county of Switzerland, such publication to be made in the last issue of said newspaper, next before the time fixed for such adjourned term.

The record further shows that, on the said 9th day of November, another order of the court was entered in the order book, to wit: " The time allotted by law for the continuance of the present term of this court having expired, and there being business pending and undisposed of for want of time, court is now adjourned to the 11th day of November, 1878, at 9 o'clock A. M., at which time an adjourned term will be held, as provided for in an order made and entered of record, on the sixth day of the present month, providing for said adjournment, and pursuant to notice as therein provided, for the disposal of such unfinished business; court is now adjourned until Monday, November 11th, 1878, at 9 o'clock A. M."

The record further shows that, at the time thus appointed, the court met, and due proof was made of the publication of a duly certified copy of the said order of the 6th of November, 1878, in the issue of the said *Vevay Reveille*, on the 7th of November, 1878, and that afterwards, on said November 11th, 1878, the parties in this cause appeared, and a jury came, and there was a trial, without any objection to the jurisdiction.

We think the record shows a substantial compliance with the statutes, and that the court, at said adjourned term, had jurisdiction of the subject-matter and of the parties; the second assignment of error can not be sustained.

As to the motion for a new trial, it was founded on eleven alleged reasons:

1st. That the court admitted in evidence, over the objections of the appellant, a certified copy of a copy of the articles of association.

There was no available error in this. 1 R. S. 1876, p. 654, section 1, and p. 662, section 26. It was proved that after a copy of the original articles was filed in the recorder's office, the original articles were lost, and after diligent and proper search could not be found, and the person, who was recorder when the original articles were filed in his office, brought in the record book in which the articles were recorded, and stated that he recorded the copy filed with him, and then compared the record with the original, and found the record to be a correct and true copy, and said record was read in evidence; the lost articles of association were sufficiently proved.

The second reason for a new trial is, that the court admitted in evidence the record book of the company containing the notice of a call for an election of directors, and in admitting a printed notice of said call.

The third reason is, that the court erred in admitting in evidence that part of the record containing the oath and transactions of the board of directors, on pages 2, 3 and 33 of said record.

Washer *v.* The Allensville, Center Square and Vevay Turnpike Company.

The fourth reason is, that the court erred in admitting in evidence the newspaper notice of the call for stock, and the testimony of Wm. J. Baird in connection therewith.

The fifth reason is, that the court erred in admitting the record of the articles of association; and reason five and a half is that the court erred in excluding the testimony of John P. White.

As to these objections, the law is that the books of a corporation are competent evidence for and against its members in an action between the corporation and its members. *Fox* v. *The Allensville, etc., T. P. Co.,* 46 Ind. 31, on p. 38.

The notice of the call was given for the proper length of time and was sufficiently proved, and was sufficient in substance. There was no error in admitting in evidence the record of the articles of association, and the record does not show that John P. White was offered as a witness and excluded.

The sixth reason for a new trial is, that " the court prevented the defendant from going to the jury on the question whether the defendant had sworn that he had subscribed, or authorized John P. Butts to subscribe, for the defendant, the sum of $50 payable in work and materials, or $50 with the privilege of paying it in work or materials, if the defendant obtained a contract thereon, or, if he did not, then to have the privilege of paying the same by work and material on the contract of somebody else, and the court announced that he had watched the testimony of the defendant, and that he had sworn to the latter state of facts, and that they amounted to an unconditional subscription, and declined to take up the time of the court in permitting the defendant's counsel to argue to the jury which state of facts the defendant, Washer, had sworn to, and gave the charge given in the record No. 1, of its own motion."

The bill of exceptions contains the testimony of the defendant, but contains nothing whatever in reference to any action of the court in refusing to permit the defendant's coun-

sel to go to the jury on the questions stated in said sixth reason for a new trial. Upon the sixth reason for a new trial, therefore, no question is presented for consideration. *Wood* v. *Crane,* 75 Ind. 207.

The other reasons for a new trial are:

7th. Error in giving to the jury instruction number one, of the court's own motion.

8th. Error in refusing to give to the jury instruction number one, asked for by the defendant.

9th. That the verdict is not sustained by sufficient evidence.

10th. That the verdict is contrary to law.

Instruction number one, given by the court of its own motion, is as follows:

"In this case you will find for the plaintiff and assess her damages at the amount of the subscription therein, with interest thereon from April 15th, 1872."

In *Dodge* v. *Gaylord,* 53 Ind. 365, this court cited with approbation the following language of the Supreme Court of Wisconsin: "The practice * * of directing a verdict in proper cases, when the evidence is all in, in favor of the party who may be entitled to it, seems never to have been questioned." *Cutler* v. *Hurlbut,* 29 Wis. 152. See also *Rudd* v. *Davis,* 3 Hill, 287. Upon the evidence given in the bill of exceptions, no other verdict than the one directed by the court could have been given. There was no error in said instruction. *Musselman* v. *Pratt,* 44 Ind. 126.

The instruction number one, asked for by the defendant, is as follows:

"The defendant asks the court to instruct the jury that the plaintiff can not recover in this case, unless the jury find, from the evidence, that the plaintiff located their said turnpike before the commencement of this action."

This instruction was properly refused; the road was sufficiently described in the articles of association; no other location was necessary.

The verdict was sustained by sufficient evidence and was

not contrary to law. There is no substantial error in the record. The judgment ought to affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.