### CITY OF BLOOMINGTON *v.* DUNN.

[No. 3,885. Filed June 7, 1901.]

NOTICE.—*Publication.—Petition to Extend Boundaries of City.—Sufficiency of Notice.*—Under §3659 Burns 1894, requiring notice by publication in some newspaper of the intended petition to extend the boundaries of a city over contiguous territory, a publication for five weeks, the first publication being on May 4, 1899, and the last on June 1, 1899, is a sufficient publication under the statute.

From Monroe Circuit Court; *W. H. Martin,* Judge.

Proceeding by city of Bloomington to extend corporate boundaries. From a judgment in favor of Moses F. Dunn, a remonstrator, the city appeals. *Reversed.*

*H. C. Duncan* and *I. C. Batman,* for appellant.

*M. F. Dunn* and *H. P. Pearson,* for appellee.

Roby, J.—This proceeding was instituted by the common council of the city of Bloomington before the board of commissioners of Monroe county for the purpose of extending the corporate limits of said city over contiguous territory, under the provisions of §§3659, 3660 Burns 1894. The board found for the appellant, and ordered the real estate described in the petition to be annexed as prayed. Appellee appealed to the circuit court, where he filed a motion to dismiss, setting out among other things that the proof of notice was not published the requisite length of time.

The questions argued are, (1) whether the notice was properly published; (2) whether appellee might make a special appearance in the circuit court for the purpose of raising the objection, he having theretofore made a special appearance before the board of commissioners for the same purpose, but upon a different motion, stating different grounds, such special appearance having been followed by a remonstrance and trial. The statute providing for publication, so far as applicable, is as follows: "The common council shall give thirty days' notice by publication in some newspaper of the city, of the intended petition, describing in such notice the territory sought to be annexed." §3659 Burns 1894. The record shows that a notice was published in a newspaper of general circulation, printed and published in said city, for thirty days prior to June 5, 1899, for five weeks successively, the first publication being on May 4th, and the last on June 1st. This notice is to the effect that the petition would be presented at the regular meeting of the board of commissioners of the county of Monroe beginning the first Monday of June, 1899, which is otherwise shown

to have been the 5th day of the month. The petition was presented at said term, the entry thereof having been made upon the 8th day of June.

Publication in a matter of this kind for five successive weeks, the first publication on May 5th, and the last on June 2nd, the board meeting on June 5th, has been adjudged sufficient by the Supreme Court. *Town of .Cicero* v. *Williamson,* 91 Ind. 541. The notice given complied with the requirements of the statute. *Fox* v. *Turnpike Co.,* 46 Ind. 31; *Catterlin* v. *City of Frankfort,* 87 Ind. 45. It therefore is unnecessary to decide the further question stated.

Judgment reversed for further proceedings.