*J. P. Usher*, for the appellants.

---

### MORGAN *v.* THE STATE.

The Supreme Court takes notice judicially of the commencement and close of the terms of the Circuit Court.

If there be a cause on trial undisposed of at twelve o'clock on the night of the last day of the term, it will be assumed that the term did not close until that time.

Section 793, 2 R. S. p. 222, contemplates an adjournment to a subsequent term, and not to a day in vacation.

In this case, upon the jury reporting that they could not agree, and the defendant not consenting to their discharge, the judge adjourned the Court on *Saturday*, the last day of the term, at six o'clock, P. M., until the next *Monday*, a day in vacation, without placing upon record any valid reason for such adjournment, and ordered the jury to be confined until that time. *Held*, that the order of adjournment, so far as it directed the Court to convene on *Monday*, and the confinement of the jury until that day, was a nullity; that the term was finally adjourned, and the cause discontinued.

*Friday,
June* 10.

APPEAL from the *Monroe* Circuit Court.

DAVISON, J.—Indictment for murder. The record shows that at six o'clock, P. M., on *Saturday, November* 13, 1858, being the last day of the *November* term of said Court, the jury impanneled in this case returned into Court, and

informed the Court that there was no probability of their agreement as to a verdict; and the Court, having inquired of the parties if they would consent to a discharge of the jury, and the defendant having refused such consent, the judge adjourned the Court until *Monday* of the next week, being *Monday*, the 15th of *November*, and directed the jury to be kept confined until that time, and absented himself until said *Monday* at twelve o'clock, when the jury returned a verdict against the defendant for manslaughter, stating at the time, that the same was made between nine and ten o'clock, P. M., of the preceding *Saturday*, after the adjournment.

And thereupon the defendant objected to the reception of the verdict; but his objection was overruled, and the judge received it. He then moved that he be discharged from the prosecution, which motion was also overruled; and the judge, having refused a new trial, rendered judgment on the verdict, &c.

This Court will notice judicially that the *November* term, 1858, of the *Monroe* Circuit Court expired on *Saturday*, *November* 13; and further, that the *November* term of the *Morgan* Circuit Court in the same judicial circuit commenced on *Monday*, the 15th of said month. And it may be assumed—there being a case on trial and undisposed of at twelve o'clock of the night of *Saturday*—that that term of the *Monroe* Circuit Court did not expire until that hour; and had the Court, instead of adjourning at six o'clock, P. M., remained in session until the expiration of the term, an adjournment to the next term would have been in accordance with the ordinary mode of procedure, and the cause then in progress would have stood. continued. 2 R. S. p. 8, § 19.

But in reference to this subject, we have a statutory rule, which says: "If any judge of the Circuit Court, &c., shall adjourn the Court before having gone through the business pending, and before the expiration of the time fixed by law, the record must show the reason for such adjournment." 2 R. S. p. 222, § 793.

VOL. XII.—29

This provision contemplates an adjournment to a subsequent term, not to a day in vacation. If there is business pending, and the term is unexpired, the judge has no right, in any case, to adjourn beyond its expiration, unless such adjournment is made to reach a subsequent term of the Court, and not even then, unless the reason for the adjournment is made to appear in the record. But here, the judge, though he did adjourn while the term remained unexpired, and while a trial was in progress, has failed to place in the record any valid reason for such adjournment. And the result is, that the adjourning order, so far as it directs the Court to convene on *Monday*, the 15th of *November*, a day in vacation, and orders the jury to be confined until that day, is a nullity.

We are referred to *Wright* v. *The State*, 5 Ind. R. 290. In that case it was held, that the Circuit Court, having a trial before it at the close of the term, might continue its sitting until the case is fully determined. But it will at once be seen that that decision is not in point; because, in the case at bar, the order of adjournment was made at least six hours before the term closed by operation of law. In that space of time, it was clearly within the range of probability that the cause would have proceeded to final judgment, had the adjournment not been ordered. Indeed, the record plainly shows that such would have been the result, had the judge not absented himself, but continued the session of the Court until the term legally expired by lapse of time.

In view of the case made by the record, we must hold that the adjourning order in question terminated the sessions of the Court for the term in which it was made, and operated as a discontinuance of the cause then on trial. *Shearer* v. *Clay*, 1 Litt. 263.—*Archer* v. *Ross*, 2 Scam. 303. The verdict and judgment are, therefore, inoperative and void.

*Per Curiam.*—The judgment is reversed. Cause remanded, &c.

*J. Hughes* and *D. W. Voorhees*, for the appellant.
*J. E. McDonald*, Attorney General, for the state.