## Devoss v. Jay and Others.

APPEAL from the *Randolph* Circuit Court.

*Per Curiam.*—This case was heretofore before this Court. 9 Ind. R. 366. The record now shows, by an entry *nunc pro tunc,* that the ruling of the Court on the demurrer was excepted to. It is also by agreement made to show that the defendants raised questions as to the jurisdiction of the Court, as to the service of process, and also on a motion to strike out parts of the complaint. Upon these facts, the appellees assign cross-errors. They also, in answer to the assignment of errors, pleaded the former decision in the case in this Court; to which the plaintiff

replied that it was not upon the merits, but upon the technical point of a failure to except, &c. There is an agreement that the question whether the former decision is a bar shall be by us considered and decided as if, &c. No notice was given of the motion for the *nunc pro tunc* entry.

Several questions are discussed by counsel; but, in view of the conclusion we have arrived at in reference to the former judgment of this Court, we will not notice them further.

The judgment of the Court below, from which the former appeal was taken, was by this Court affirmed. Now another appeal is here from the same judgment, but the record has been perfected since that decision, so as to present points that could not be then considered. This Court then passed upon all points that could be raised upon the record, as the parties chose to submit it. Then was the time to perfect the record, before the judgment of this Court was pronounced. If parties elect to take the opinion of the Court upon an imperfect record, we cannot see where litigation would end, if, by supplying some omitted part of the record, they could again bring another and another appeal from the same judgment. The question whether the record would be a bar to another suit is not before us.

The appeal is dismissed.

*J. Smith*, for the appellant.

*W. March*, for the appellees.