May Term,
1861.

SLAUGHTER
v.
GREGORY.

opportunity to present the matter to the Court below with greater care. See 2 R. S., § 356, p. 119.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*D. D. Pratt* and *D. D. Dykernan*, for the appellant.

*Thos. J. Harrison*, for the appellee.

———————— >·◄·◄ ————————

## SLAUGHTER *v.* GREGORY and Others.

*Where the Circuit Court is adjourned before the close of the term, to a day in vacation, the reasons of the adjournment must appear in the record.*

*Wednesday,
June 5.*

APPEAL from the *Morgan* Circuit Court.

*Per Curiam.*—This suit was pending in the *Morgan* Circuit Court, at the *November* term, 1859. On the eighth day of the term, the Court ·adjourned, the record showing no reason therefor, till *February* 6th, following. At that adjourned term, the cause was tried, the appellant objecting to the jurisdiction of the Court, and making the want of jurisdiction a ground for a motion for a new trial.

The act of 1855 authorized the Court, before the close of the term, to adjourn, for cause, to a day in vacation. Acts 1855, p. 70. But the code provides, 2 R. S., § 793, p. 222, that where an adjournment is made before the close of the term, and the business is not finished, the record must show the reason. These statutes are both in force, and are not repugnant; and we think the latter applies to such adjournments as that made in this case. ·Such is the unanimous opinion of the Court. It is as important that the reasons for an adjournment before the close of the term, to a day in vacation, should appear of record, as that those for a final adjournment should; as the statute by its language includes both. See *Morgan* v. *The State*, 12 Ind. 448.

The judgment is reversed, with costs. Cause remanded May Term, for a new trial.

*W. V. Burns*, for the appellant.

*H. C. Newcomb, John Tarkington*, and *W. W. Leathers*, for the appellees.