Nov. Term, 1861.

SHIEL
v.
MAFFETT.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*Miller* and *George,* for the appellant.

*Thos. S. Stanfield, H. C. Newcomb* and *J. Tarkington,* for the appellee.

---

## SHIEL *v.* MAFFETT.

The *Morgan* Circuit Court having, at its regular term, entered upon the trial of a contested election case, which it was expected would consume the residue of the term, made an order discharging the parties and witnesses in all other cases. The election case was unexpectedly disposed of long before the close of the term, and the Court having entered of record the foregoing facts as a reason for the adjournment, directed the clerk to give notice of an adjourned term of Court, to be held on a day fixed by the order.

*Held,* that the record sufficiently set forth the ground upon which the adjournment was ordered, and that the adjourned term was legally held.

Saturday, December 7.

APPEAL from the *Morgan* Circuit Court.

DAVISON, J.—This was an action by *Maffett* against *Shiel*

upon two promissory notes, and also upon an account.
And the cause being at issue, the said Court, on the seventh
judicial day of the *November* term thereof, 1859, caused the
following, among other things, to be entered of record, viz.,

"Be it remembered, that on the fifth day of the present
term, the Court having begun the trial of the case of *John
L. Knox* v. *William Fesler*, for contesting an election, and it
then appearing that said case would probably occupy all the
balance of the term, the witnesses and parties in other
cases were discharged; and afterward, on the eighth day of
the term, the aforesaid case of *Knox* v. *Fesler* was suddenly
terminated, on account of the contestee having abandoned
the contest; and it therefore became necessary for the
Court to adjourn, on account of the witnesses and parties in
other cases having been discharged as aforesaid." And on
the same day, and at the same term, the Court made the fol-
lowing order, viz.,

"It is ordered that this Court now adjourn until *February*
6, 1860, and that the regular petit jury of this term be then
present, without further notice, and that the clerk give
notice of this adjournment by publishing a copy of this
order in each of the newspapers published in this county, at
*Martinsville*, for at least three weeks, beginning with the
first issue of each paper after the date of this order."

The record further shows, that afterward, at the said ad-
journed *November* term, held, &c., on *February* 6, 1860, the
present cause was, by consent of the parties, submitted to
the Court for trial; that there was a finding for the plaintiff,
and that the Court, having refused a new trial, rendered
judgment, &c.

The ground relied on for a reversal is, that for the adjourn-
ment to *February* 6, 1860, there are no reasons shown in the
adjourning order; that the adjournment was therefore inop-
erative, and that the judgment having been rendered at such
adjourned term is, consequently, a nullity. This position is
untenable. It is true, "the reasons for an adjournment
before the close of the term, to a day in vacation, should
appear of record." See *Morgan* v. *The State*, 12 Ind. 448;
*Slaughter* v. *Gregory, et al.* 16 Ind. 250. But these decisions

Nov. Term, can not be held applicable to the case at bar, because
1861.   the record before us sufficiently shows the grounds upon
The City   which the adjournment, in this instance, was ordered.   It
of      follows, the adjourned term commencing *February* 6, 1860,
Logansport   was legally held, and the judgment is therefore operative,
v.
Blakemore.   and binding on the parties.

*Per Curiam.*—The judgment is affirmed, with 5 per cent.
damages and costs.

*W. V. Burns*, for the appellant.

*J. W. Gordon* and *J. A. Beal*, for the appellee.