GREGORY and Others *v.* SLAUGHTER and Others.

Where an appeal is taken to this Court, and the record sent here is defective, it is the duty of the parties, by their counsel, to cause the same to be made correct, by a writ of *certiorari;* but, if this duty is neglected, and the cause is submitted here for decision, upon such defective record, the decision will be as operative and binding against all the parties to it, as if it had been rendered upon a perfect record.

APPEAL from the *Morgan* Circuit Court.

PERKINS, J.—In this cause, a judgment was rendered at a special adjourned term of the *Morgan* Circuit Court, in February, 1860. An appeal was taken by *Slaughter,* and the judgment was reversed, because the record did not show that the order for the adjourned term specified the reason for the adjournment. *Slaughter* v. *Gregory,* 16 Ind. 250. On the reversal of the judgment, the notice and opinion went back to the office of the clerk of the *Morgan* Circuit Court, and the cause went again upon the regular docket of that Court. The entire history of the cause then appeared upon its records, and it showed, that the judgment rendered in that Court had been reversed by the proper Appellate Court, and that there was, at a given date, no final judgment existing in the cause.

The *Gregorys,* however, against whom the reversal was, sought to obviate the effect of it, in this case, by moving the Circuit Court to reject the opinion of the Supreme Court.

accompanied by the judgment of reversal, from the records of the Circuit Court, whereby the original judgment of that Court would appear to remain in force, upon its records.

The ground of the motion was, that the judgment of reversal, in the Supreme Court, was upon an imperfect record; and that the complete record of the cause, as it existed in the Circuit Court, supplied the defect for which the reversal was had, in the Supreme Court.

The Circuit Court overruled the motion to reject the opinion, and judgment of reversal, but ordered them spread upon the record.

The *Gregorys* then appealed to this Court, from that ruling of the Circuit Court; at least, we must so conclude, as the transcript shows no further trial, and no final judgment.

, If, in case of an appeal to the Supreme Court, the record brought up from the Circuit or Common Pleas Court, fails to show to the Appellate Court, any entries or proceedings in the Court below, necessary to the correct determination of the cause upon appeal, a writ of *certiorari* will be issued by the Supreme Court, for the purpose of supplying deficiencies in the transcript, if such writ is applied for with reasonable promptness. Ind. Dig., p. 245. But if the cause is regularly submitted to the Appellate Court, upon a defective record, the decision made upon such submission is binding upon the parties to the cause, and the inferior Court. *Devoll* v. *Jay*, 14 Ind. 400.

If the Supreme Court would refuse a writ of *certiorari* to supply defects in a transcript, on account of negligence, while the cause was pending in that Court, surely it would not allow the judgment rendered on such defective transcript to be disregarded, as this would lead to interminable confusion, and hold out a temptation to negligence.

That the Court would so refuse the writ is settled. See 2 G. & H., pp. 279, 426, notes. 14 Ind. 426. 12 *Id.* 116.

But as the appeal in this case does not purport to be

taken for an interlocutory order, for which an appeal lies, and is not from a final judgment, the appeal must be dismissed at the costs of the appellants, as it is only in the specified cases that an appeal lies at all.

*Per Curiam.*—The appeal is dismissed, at costs of the appellants.

*Buskirk* and *Harrison,* for the appellants.

*W. V. Burns,* for the appellees.