## HARPER *v.* THE STATE.

CRIMINAL COURT.—*Grand Jury.*—*Sessions of.*—The law does not provide for a grand jury for a criminal court for each month during which, or any part of which, the court may be in session; but it does provide for a grand jury for each term; and if the court, at the same term, can legally be in session in two or more months, the same grand jury may sit in each month.

SAME.—*Of Floyd County.*—The criminal court in Floyd county can, under the act organizing that court (3 Ind. Stat. 178, sec. 1) and the act of Feb. 12th, 1855 (2 G. & H. 11), adjourn from a regular term of said court to some other certain time, and if such time is in a month within which the grand jury has not already been in session ten days, the grand jury may legally meet in connection with the court, and find and return indictments.

APPEAL from the Floyd Criminal Court.

DOWNEY, J.—This was a prosecution, in the name and by the authority of the State, against the appellant, for the crime of larceny. The record shows that the grand jury which found the indictment was empanelled on the first day of the January term, 1873, of the criminal court, which was the sixth day of January, 1873. The indictment was returned on the eighth day of March, 1873. The record shows an adjournment of the court from the twentieth day of January, 1873, until the third day of March, 1873. The cause was continued from the January until the April term

of the court.   On the tenth day of April, the defendant moved the court to quash the indictment: 1. Because it appeared on the face of the indictment, that the same was found and returned after the time fixed by law for holding the January term of the court had expired.   2. Because the grand jury which found the indictment had no legal power and authority to find and return the said indictment. This motion was overruled by the court, and the defendant excepted.

The defendant then pleaded in abatement, that the court ought not to take cognizance of the charge of larceny, in the said pretended indictment, because, protesting that she is not guilty of the same, nevertheless, she says that the said grand jurors, naming them, by whom the indictment was found, etc., at the pretended and so called adjourned March term of said court, were not all of them, nor any one of them, at the time they so acted, and at the time the said pretended indictment was found, etc., duly, and legally qual-ified to act as such grand jurors of the Floyd criminal court; that the said January term, 1873, of said court had been held and continued for the time prescribed by law, and more than four weeks had elapsed since the 6th day of January, 1873, in this, to wit, that under and by the act of the General Assembly, etc., of April 13th, 1869, the criminal circuit court, in the county of Floyd, etc., was begun on the first Monday, being the 6th day of January, 1873, and by the second section of said act could continue only four weeks from said day; that on the said 6th day of January, 1873, the grand jury was empanelled and sworn, etc., and entered upon the discharge of their duties, and during the period of four weeks thereafter, they sat and acted as such for a period of ten days within a period of four weeks; that the said grand jurors, or any nine or more of them, did not find and return, etc., said indictment, during the said ten days, or at any time during the four weeks commencing on the 6th day of January, 1873, and immediately following, and that said indictment was found on the 8th day of March, 1873,

and not before; wherefore, etc. The plea was verified by the oath of the defendant.

A demurrer to this plea was filed by the State, alleging that it did not state facts sufficient to constitute a good plea in abatement. The demurrer was sustained by the court, and the defendant excepted. The defendant then pleaded not guilty, there was a trial by jury, a verdict of guilty, a motion for a new trial and in arrest of judgment overruled, and exception, and judgment according to the verdict. The reasons in the motion for a new trial were, the overruling of the motion to quash the indictment, that the verdict was contrary to law, and because the verdict was contrary to the evidence. The grounds of the motion in arrest of judgment were, that the pretended grand jury which found the indictment had no legal authority to inquire into the offence charged, by reason of its not being within the jurisdiction of the court, and that the facts stated do not constitute a public offence.

The errors assigned are the following: 1. Overruling the appellant's motion to quash the indictment. 2. Sustaining the demurrer to the plea in abatement. 3. Overruling the motion for a new trial; and, 4. Overruling the motion in arrest of judgment.

The only question which is discussed by counsel for the appellant is the question as to the authority of the grand jury to find and return the indictment at the time when it was found and returned. Counsel say that no other question is intended to be presented, either by the motion to quash, the plea in abatement, the motion for a new trial, or that in arrest of judgment. The question arises upon the construction of the act creating the criminal court in Floyd and Clark counties, 3 Ind. Stat. 178, and the act, as amended, relating to grand jurors. It is provided in the second section of the act organizing the court, that the court shall sit in Floyd county on the first Mondays in January, April, July, and October, in each year, and that each of said terms shall be and continue for four weeks, if

the business thereof shall require it, and during said terms said court shall be open at all times for criminal trials alone. In the fourteenth section of the act relating to grand jurors, as amended, 3 Ind. Stat. 280, it is expressly provided, that the grand jury in the criminal court shall sit each month, and not more than ten days in each month. It will be observed that the law does not forbid the grand jury from sitting more than ten days at each term of the court, but the provision is, that they shall not sit more than ten days in each month. The law does not provide for a grand jury for each month of the year, during which, or any part of which, the court may be in session, 2 G. & H. 402, but does provide for a grand jury for each term; and we think that if the court, at the same term, can legally be in session in two months, the same grand jury may sit in each month during which the court may legally sit. It appears that the court began its January session on the 6th day of January, which was the first Monday. Its four weeks session would end on the thirty-first day of the month. But instead of sitting continuously, except Sundays, until that date, it sat until the twentieth day of the month, leaving ten days excluding Sunday of the time yet to come, when it adjourned until Monday, the 3d day of March. We suppose that the point on which the case must turn is, whether or not the court had the power thus to adjourn, and to meet again on the day to which it adjourned, and continue in session until it had completed the four weeks. If it had, then we think, as we have already said, that the grand jury might legally meet in connection with it, and remain in session, if the court could continue in session so long, for ten days during that month, the month of March. It is provided by the statute organizing said criminal court, 3 Ind. Stat. 178, sec. 1, that said court shall, "in all things not otherwise provided by law, be governed by the law in force in regard to circuit courts." It is provided by the act of February 12th, 1855, 2 G. & H. 11, "that if at the close of any term of the circuit court of any county, or when it shall become necessary or

proper for said court to adjourn from any cause, the business pending therein shall not be finished, it shall be lawful for such court to adjourn until some other certain time, to be specified in the adjourning order, of which public notice shall be given in some manner, to be specified by said court, and at such time, such court shall meet and continue in session so long as the business shall require, and such adjourned term shall be deemed a part of the regular term of such court." The court, when it adjourned on the 20th of January, 1873, provided for giving notice of the adjourned term. When the court reconvened on the 3d day of March, and the grand jury reappeared, they might, as they had not sat during that month for any time, legally be in session for ten days in that month, and find and return the indictment on the 8th day of March, 1873, the day on which it was found and returned. Conceding that the court, at the adjourned session, could only sit so long as to fill out the four weeks which fix the length of its term, which we do not decide, and still the court had not at that time, including both sittings, been in session for the full term of four weeks.

But it is contended that if the court could adjourn, the record does not show that any of the conditions existed, upon the happening of which the court had the right to adjourn. If, in any case, this court would go into an inquiry on this subject, it need not do so in this, for the reason that nothing appears on the subject, and we must, in this as in every other such case, presume in favor of the action of the criminal court. It does not appear in the order of adjournment for what reason the court adjourned, and although the court ordered notice of the adjourned term to be given, it does not appear that it was given. It was decided by this court, in *Casily* v. *The State*, 32 Ind. 62, that the reason for the adjournment to a day, in vacation, need not be stated; that the act only requires it in adjournment to the next regular term, and that as to adjournments to the next regular term, whether the reason stated be sufficient or not, it could not injuriously affect suitors, by putting it out of the power

of the court, at the next regular term, to proceed with the business, which ought previously to have been done. If the defendant in this case could raise the question as to whether the notice of the adjourned term was given or not, she ought to have made the objection in the criminal court, and cannot raise the question here for the first time, especially as the record is silent on the subject as to whether the notice was given or not. The case of *Casily* v. *The State, supra,* related to an order of adjournment to a day in vacation, and not to an adjournment to the next regular term, and the ruling in that case was, in effect, the overruling of the cases of *Shiel* v. *Maffett,* 17 Ind. 316, *Slaughter* v. *Gregory,* 16 Ind. 250, and any other cases which hold that in the order of the court adjourning to a day in vacation, the reason for the adjournment must be stated, and we regard them as over-ruled.

The judgment is affirmed, with costs.

*J. H. Stotsenburg,* for appellant.

*J. C. Denny,* Attorney General, for the State.