STATE v. LEVELLE.

1. RESENTENCE—APPEAL—DISMISSAL.—After judgment of death by hanging, rendered by the Circuit Court, has been affirmed by the Supreme Court, with directions to the Circuit Court to assign a new day for execution, and a new day has been assigned by the Circuit Court for the execution of the original sentence, no appeal lies from the order assigning such new day. An appeal noticed from such order dismissed on motion, and the *remittitur* directed to issue at once.

2. REMITTITUR.—It was not necessary that the clerk of the Supreme Court should incorporate into the *remittitur* the statement, that this court directed the Circuit Court to assign a new day for execution.

3. IBID.—This court, having dismissed an appeal on the ground that the matter was not appealable, may properly direct its clerk to transmit the *remittitur* immediately.

This was a motion to dismiss an appeal on grounds fully stated in the opinion of this court. The motion was granted November 25, 1892, by the following order

PER CURIAM. On hearing the motion to dismiss the appeal

---

[1]This completes the cases of April Term, 1892.—REPORTER.

in this case, and after hearing the argument of the assistant attorney general in behalf of the motion, and the argument of Mr. Weston, representing Mr. Bissell, attorney for the appellant, against the motion, and after duly considering the same,

It is ordered, that the motion be granted and the appeal be dismissed. It is further ordered, that the clerk of this court do forthwith send down the *remittitur* to the Circuit Court for Charleston County, in order that said court may assign a new day for the execution of the sentence heretofore imposed upon the appellant.

The reasons for granting this order will hereafter be stated in writing, and filed with the record.

November 28, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. The motion to dismiss this appeal having been heard and granted on the 25th instant, we propose now to put on record the reasons for the conclusion reached.

For the purpose of obtaining a proper understanding of the case, it is necessary to make a brief statement of its history as presented by the records of this court. It there appears that, on the 24th of June, 1890, the appellant, Levelle, was convicted of murder, and sentenced to be hanged on the 5th of September, 1890; that on the 3d of July, 1890, the said Levelle, by his counsel, gave notice of appeal from the said judgment, upon certain exceptions not necessary to be stated here; that such appeal was heard by this court on the 19th day of January, 1891, and subsequently, to wit, on the 17th of June, 1891, this court rendered judgment affirming the judgment of the Circuit Court thus appealed from, and remanded the case to the Circuit Court, "for the purpose of having a new day assigned for the execution of the sentence heretofore imposed;" that the case being thus remanded to the Circuit Court, solely for the purpose of having a new day assigned for the execution of the sentence previously imposed, the said court, on the 17th of November, 1891, instead of simply assigning a new day for the execution of the sentence originally imposed, undertook to

resentence the appellant to be hanged on the 8th of January, 1892; that the said appellant again gave notice of appeal, on the 21st of November, 1891, which last mentioned appeal was likewise dismissed by an order of this court, bearing date the 27th of April, 1892, in the following words: "On hearing the motion for dismissal of the appeal in this case, ordered, that the appeal be dismissed, and that the case be remanded to the Circuit Court, and that the Circuit Judge set another day for the execution of the sentence, in accordance with the judgment of this court heretofore rendered;" that, in pursuance of this order dismissing the appeal, the *remittitur* was sent down to the Circuit Court in the following words: "It is adjudged by the court that the appeal be dismissed." The "Case" prepared for the hearing of this appeal shows that after said *remittitur* had been sent down to the Circuit Court, the appellant was put to the bar, when the solicitor concluded a recital of the previous proceedings in the case "by formally inquiring of the convict whether he had aught to say why a new day should not be assigned for the execution of the sentence heretofore pronounced upon him." Whereupon the Circuit Judge read and endorsed upon the record the following: "Napoleon Levelle, the prisoner, having been convicted in the June term, in the year of our Lord one thousand eight hundred and ninety, of this court, and sentence of death having been passed upon him, and he having appealed from said sentence to the Supreme Court, and said court having confirmed the judgment below, and a new day having been assigned for the execution of said judgment by this court, and an appeal having been again taken from this latter order to the Supreme Court, which appeal has likewise been dismissed; and it now being necessary to assign a new day for execution of the sentence of death, the said prisoner is now, by the sheriff, put to the bar of the court, and it being solemnly demanded of him if he hath anything to say why the court should not proceed to award execution of the judgment before pronounced against him, sayeth nothing. Therefore, it is concluded that execution be done upon the said Napoleon Levelle, the prisoner, according to the said judgment, and that he be taken hence to the place whence last

he came, and there to be kept in close custody until Friday, the 29th day of July, one thousand eight hundred and ninety-two, and that on that Friday, between the hours of 11 o'clock in the forenoon and 2 o'clock in the afternoon, he be taken to the place of execution in this county, and then and there, by the sheriff, be hanged by the neck until his body be dead; and may God have mercy on his soul."

From this action of the Circuit Court the defendant again appeals upon the following grounds: "1. Because his honor set a new day for the execution of the defendant without any order from the Supreme Court authorizing him so to do. 2. Because the *remittitur* which gave the Circuit Court jurisdiction of the case did not authorize the fixing of a new day for execution, and, therefore, the Circuit Judge acted without a mandate from the Supreme Court. 3. Because his honor, the presiding judge, did not ask the accused if he had anything to say why sentence of death should not be pronounced (upon) him before such sentence was passed."

The solicitor now moves for a dismissal of this appeal upon the grounds that the matter sought to be appealed from is not appealable; and that is the sole inquiry now presented for the consideration of the court.

For a proper understanding of this question, we have deemed it best to make the foregoing statement of the several proceedings in this case, from which we think it clear, beyond question, that the matter now sought to be appealed from is not appealable. When the original judgment of the Circuit Court, sentencing the defendant to death, rendered in July, 1890, was affirmed by this court, and the case remanded to the Circuit Court, nothing whatever remained to be done by that court except to appoint a new day for the execution of the original sentence, the day originally designated for that purpose having passed while the appeal was pending. In the performance of this single duty, the Circuit Court was not called upon to consider or decide any question, either of law or fact. All that it had to do was simply to designate a new day for the execution of the sentence previously imposed, and certainly the selection of the particular day to be so designated was a

matter purely discretionary, and, therefore, not appealable; for there certainly could be no error either of fact or law in selecting one day rather than another.

Now, the "Case," as prepared for the hearing of the present appeal, distinctly shows that the order of this court, dismissing the preceding appeal—the second one taken in this case—a copy of which is set out above, expressly directed the Circuit Judge to "set another day for the execution of the sentence, in accordance with the judgment of this court heretofore rendered," and the exact extract which we have made from the "Case," showing the action of the Circuit Court from which the present appeal is taken, shows that the Circuit Court has simply carried out the previous directions of this court by assigning, perhaps with unnecessary formality and repetition, a new day for the execution of the sentence originally imposed. This being the case, it is clear that there is nothing to appeal from. *Clayton* v. *Mitchell,* 33 S. C., 599, recognized and affirmed in *State* v. *Merriman,* 34 S. C., 576.

It is true, that it appears from the "Case" that the *remittitur* sent down to the Circuit Court, showing the action of this court on the motion to dismiss the appeal next preceding the present appeal, contained no direction from this court to assign a new day for the execution; but it was wholly unnecessary to insert any such direction in such *remittitur*, as its purpose was solely to inform the court below officially that the preceding appeal had been dismissed, and the Circuit Court, with this information before it, had nothing to do but to carry out the original judgment which had been affirmed by this court; and this is what it did.

For these reasons, the order dismissing the present appeal has heretofore been entered.

The remittitur having been sent down, the defendant was brought into court, and having been "properly arraigned, Friday, March 10, 1893," was appointed "as a new day for the execution of the sentence." Defendant again appealed on the following ground: "Because the remittitur in the case was sent to the Circuit Court before ten days had elapsed after filing of same, and this without notice to defendant,

thereby, upon an *ex parte* proceeding, depriving defendant of the privilege of praying for a stay of said remittitur, in case defendant had so desired."

The solicitor again moved this court for a dismissal of this last appeal.

*Mr. W. St. J. Jervey,* for the motion.

*Mr. C. S. Bissell,* contra.

February 23, 1893.  The following order was passed

PER CURIAM.  On hearing the motion to dismiss the appeal in this case, it is adjudged, that it appearing from an inspection of the return that the appeal proposed is really from the judgment of this court, this appeal be dismissed.  It is further ordered, that the clerk of this court do forthwith send down the remittitur to the Circuit Court for Charleston County.

NOTE. For former appeals in this case, see 34 S. C., 120, and 36 *Id.,* 600.