Johnson v. Murphy.

JOHNSON v. MURPHY.

(*Knoxville.* October 11, 1901.

WRIT OF ERROR. *Does not lie, when.*

Writ of error does not lie to obtain re-examination of a decree rendered by the Chancery Court pursuant to the mandate of this Court upon remand of a cause.

FROM JEFFERSON.

Appeal from Chancery Court of Jefferson County. JOHN P. SMITH, Ch.

PARK & PARK for Johnson.

PICKLE & TURNER, EUGENE HOLTSINGER and C. A. FRAME for Murphy.

CALDWELL, J.   C. H. Johnson and others, next of kin of W. C. Newman, deceased, filed this bill against J. D. Murphy, administrator, and the sureties on his bond, for a settlement of the estate. On appeal, the Supreme Court rendered a decree in favor of the complainants for $5,285.09 and remanded the cause for collection thereof and distribution among those entitled. Thereupon decree was entered in the lower Court, in accordance with the

Johnson *v.* Murphy.

*procedendo*, and the defendants sued out this writ of error.

A writ of error will not lie in such a case, otherwise the litigation might become endless. If it will lie after one remand it will lie after another, and another, and so on, without limit, and the execution of the decree of this Court, through a *procedendo* to the lower Court, may by that means be made practically impossible.

Dismiss the writ.