[No. 4058.]

THE PLATTE LAND COMPANY, LIMITED, v. HUBBARD.

**1. Court of Appeals—Constitutionality of Act Creating.**

The constitutionality of the act creating the court of appeals will not be considered in a case in which the court of appeals is not a party unless the determination of that question is necessary to the disposition of the case.

**2.  Appellate Practice—Jurisdiction—Court of Appeals.**

Where a party appealed a case to the court of appeals, of which, under the act creating that court, it had appellate jurisdiction, and voluntarily submitted his case to the jurisdiction of that court, he can not, after an adverse decision by that court, by writ of error from the supreme court to the lower court, indirectly have reviewed the judgment of the court of appeals.

*Error to the District Court of Arapahoe County.*

*Motion to Dismiss the Writ of Error.*

The defendant in error, Hubbard, as plaintiff in an action pending in the district court of Arapahoe county, recovered a judgment against plaintiff in error, The Platte Land Company, defendant in that action, in the sum of about $1,600. The company prosecuted an appeal to the court of appeals, which resulted in an affirmance of the judgment. By the express terms of the act creating that court its appellate jurisdiction in a case like this was made final and conclusive. A writ of error was then sued out by the company in this court, directed to the clerk of the district court, commanding him to certify up a full record of the proceedings in the case. The clerk sent up a copy of the pleadings and the judgment only; the bill of exceptions, containing the evidence and the rulings of the court during the trial, being included in, and forming a part of, the complete transcript of the record remaining in the office of the clerk of the court of appeals, where it had been lodged by the plaintiff in error here, appellant there, in the prosecution of its appeal. Plaintiff in error thereupon filed a motion in this court for an order upon the clerk of the court of appeals to send here the bill of exceptions for the purpose of making the same a part of the record in this cause, to be reviewed upon the writ of error hereinbefore sued out. The defendant in error then entered his motion to quash the writ of error, for the reason that the record already in this

court disclosed that the judgment here sought to be reviewed is for less than $2,500, that there is present in the case no element that gives to this court appellate jurisdiction under the statute relating thereto, and that the judgment thus sought to be reviewed has been affirmed by the court of appeals in an appeal by the very party who asks for a second review, and such determination is final.

Mr. HUGH BUTLER for plaintiff in error.

Messrs. WELLS & TAYLOR and Mr. R. T.McNEAL for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

The learned counsel for plaintiff in error attacks the constitutionality of the act of our general assembly by which the court of appeals was created. He asserts its invalidity as a whole, and, if that is ruled against him, he contends that if the statute is not void in its entirety, it is so, in so far as it purports to make the appellate jurisdiction of the court of appeals final and conclusive in any case. In *People v. Richmond, et al,* 16 Colo., 274, in an original proceeding in the nature of *quo warranto,* in which the court of appeals itself was the respondent, this court, in an able opinion by Chief Justice Helm, held, as generally understood by the profession, that the act there, and now here again, attacked, was constitutional; although, in a previous opinion in response to a legislative question, it held similar legislation, as it is now said, obnoxious to the organic act. *In re Court of Appeals,* 15 Colo., 578.

In an elaborate argument exhibiting great research, counsel for plaintff in error again seeks to have the question, commonly supposed to be concluded, reopened, contending, among other things,

that a question of such vast importance should not be
deemed settled until determined right, and that the ob-
jections which he now makes to the act were not di-
rectly ruled upon by this court in the Richmond case.
If it were necessary to pass upon the questions here
argued with such distinguished ability, they would
demand the most earnest and serious consideration
at the hands of the court. ' But in the view we take of
the matter, the plaintiff in error is not in a position to
have determined the main question which his counsel
discusses.

Mr. Justice Steele is disqualified to participate in
this decision by reason of the fact that he was counsel
for one of the parties touching certain matters out of
which the present litigation arose, and in the absence
of a full bench, and in a case where the court of ap-
peals itself is not a party, we would be disinclined to
pass upon the constitutionality of the act which is the
source and origin of its jurisdiction, and would not
do so, unless absolutely necessary to a determination
of the case in hand.    Defendant in error contends
that this is a collateral attack, and for that reason
alone should be ignored.   Be that as it may, it is
clear that the necessities of the present case do not
require a decision upon it.

These motions must be determined against the
plaintiff in error upon other grounds.    The land com-
pany prosecuted in the court of appeals its appeal
from the judgment of the district court.    It was not
forced there as an unwilling party by any act of ap-
pellee, though that may not be material.    It sub-
mitted itself, however, to the jurisdiction of the
court of appeals, and the judgment of the latter af-
firming the ruling of the district court has not been
directly attacked.   No attempt by the company has
been made to have the judgment of affirmance di-
rectly reviewed on appeal, or writ of error, or other-
wise, by the supreme court.   We must not be under-
stood as intimating that had such attempt been made

it would have been successful, or that the jurisdiction of this court could thus be invoked. But we do say that plaintiff in error may not disregard the judgment pronounced by the court of appeals, which was induced by its own act, and sue out a writ of error in this court to the judgment of the district court, and thus indirectly have considered, and possibly overturned, the judgment of the court of appeals. It can not be permitted thus to disaffirm its own voluntary act, and if it is entitled to any relief from the judgment of the court of appeals, it can not get it in the manner here attempted.

Counsel for plaintiff in error says, however, that the objections just mentioned can be raised by defendant in error only by a plea in the nature of a plea in abatement, which was not interposed. Technically that may be true; and it may be, as counsel contends, that a plea in abatement is necessary to bring into the record what is not already there as a basis for a motion to quash the writ. However that may be the facts upon which the objection of defendant in error is predicated, and upon which we base our decision, sufficiently appear in the record already before us.

For the reasons given the motion of plaintiff in error for a rule upon the clerk of the court of appeals is denied, and the motion of defendant in error to quash the writ of error is sustained.

*Writ of error dismissed.*

Mr. Justice Steele not participating.