## ADAMS v. BOARD OF COMMISSIONERS OF THE COUNTY OF WHITLEY.

[No. 20,588.   Filed November 28, 1905.]

APPEAL AND ERROR.—*Affirmance.*—*Subsequent Appeal.*—Where a cause was affirmed on a prior appeal because the transcript showed no exception to the ruling complained of, a subsequent appeal, showing an exception in the record by a *nunc pro tunc* entry, will be dismissed.

From Whitley Circuit Court; *James H. Rose,* Special Judge.

Action by Andrew A. Adams against the Board of Commissioners of the County of Whitley.   From a judgment for defendant, plaintiff appeals.   *Appeal dismissed.*

*Marshall, McNagny & Clugston,* for appellant.

*Benton E. Gates* and *David V. Whiteleather,* for appellee.

MONKS, J.—This case was before this court and affirmed January 11, 1905.   *Adams* v. *Board, etc.* (1905), 164 Ind. 108.   The record now shows by an entry *nunc pro tunc* that the ruling of the court sustaining the demurrer was excepted to by appellant, and this ruling is again assigned for error.   Counsel for appellee insist, however, that, said judgment having been affirmed by this court on the former appeal, a second appeal can not be taken.   We concur in this contention.   The decision of this court on the former appeal, affirming said judgment, necessarily determined finally and conclusively all questions presented and determined in the court below, including the final judgment therein, whether presented by the record or not, and a second appeal from such affirmed judgment of the court below can not be taken on a record presenting either the same or different questions.   2 Ency. Pl. and Pr., 355 ; 2 Cyc. Law and Proc., 525 ; 24 Am. and Eng. Ency. Law (2d ed.), 811 ; Elliott, App. Proc., §§579, 585 ; *Devoss* v. *Jay* (1860), 14 Ind. 400 ; *Zimmerman* v. *Turner* (1869), 24 Wis. 483 ; *McDonald* v. *State* (1891), 80 Wis. 407, 50 N. W. 185 ; *State* v. *Levelle*

(1892), 38 S. C. 216, 16 S. E. 717, 17 S. E. 30; *Pollock* v. *Cohen* (1877), 32 Ohio St. 514, 519; *Smith* v. *Shaffer* (1878), 50 Md. 132, 136; *Young* v. *Frost* (1851), 1 Md. 377; *Miller* v. *Bernecker* (1870), 46 Mo. 194; *Harburg* v. *Arnold* (1901), 87 Mo. App. 326; *McCabe* v. *Emerson* (1851), 18 Pa. St. 111; *Johnson* v. *Murphy* (1901), 107 Tenn. 558, 64 S. W. 895; *Platte Land Co.* v. *Hubbard* (1902), 30 Colo. 40, 69 Pac. 514; *Davis* v. *Alexander* (1848), 1 G. Green (Iowa) 86; *Trulock* v. *Friendship Lodge, etc.* (1888), 75 Iowa 381, 39 N. W. 654; *Banton* v. *Campbell's Heirs* (1849), 48 Ky. 587.

In *Zimmerman* v. *Turner* (1869), 24 Wis. 483, it was held that after judgment had been affirmed by the supreme court against a party he could not, by having a new bill of exceptions settled so as to present a question not presented before, sue out a new writ of error. In *Devoss* v. *Jay, supra,* the question now presented was before this court for decision, and the second appeal was dismissed. The court said: "The judgment of the court below, from which the former appeal was taken, was by this court affirmed. Now another appeal is here from the same judgment, but the record has been perfected since that decision, so as to present points that could not then be considered. This court then passed upon all points that could be raised upon the record, as the parties chose to submit it. Then was the time to perfect the record, before the judgment of this court was pronounced. If parties elect to take the opinion of the court upon an imperfect record, we can not see where litigation would end, if, by supplying some omitted part of the record, they could again bring another and another appeal from the same judgment."

This appeal is in effect an attack upon the judgment of this court on the former appeal affirming the judgment of the court below, which can not be avoided or set aside in this manner.

Appeal dismissed.