CENTRAL NATIONAL BANK v. J. S. WILLIS, et al.

Middle Section.   June 15, 1928.

No petition for Certiorari was filed.

R. L. Sadler, of Nashville, for plaintiff in error.

Jeff McCarn, of Nashville, for defendants in error.

FAW, P. J. The first question for decision in this case arises upon a motion made on behalf of J. S. Willis and Eldon Miller, defendants and cross-complainants below, to dismiss the writ of error sued out by R. L. Sadler, a defendant and cross-defendant below, through which defendant Sadler is seeking a review and reversal of that part of the final decree of the chancery court whereby the aforesaid cross-complainants Willis and Miller obtained a judgment for $452.20 and costs against defendant Sadler.

It appears from the record that the Chancellor granted to the Central National Bank, the complainant in the original bill, a recovery of $1268 and costs against J. S. Willis and Eldon Miller, as defendants to the original bill, and, in the same decree, granted to said Willis and Miller, under a cross-bill filed by them, a recovery of $452.20, and costs of the cross-bill, against R. L. Sadler, as defendant to the cross-bill.

Through their cross-bill, Willis and Miller sought to recover a judgment against defendant Sadler for such sum or sums as they (Willis and Miller) may be held liable for, in this cause, in favor of complainant Central National Bank, and defendant Sadler, through his answer and a separate plea of bankruptcy, denied the right of cross-complainants Willis and Miller to recover of him any sum whatever. The Chancellor did not fully sustain the claim and contention of either Willis and Miller on the one hand or Sadler on the other, but held and adjudged that, ''upon a proper accounting,'' Willis and Miller were entitled to recover of Sadler $452.20 and the costs incident to the cross-bill, and decreed accordingly. Willis and Miller were not satisfied with the decree of the chancery court and prayed an appeal therefrom, which was granted by the Chancellor and perfected by Willis and Miller. The appeal thus prayed and granted was a ''broad'' one—not limited in any respect.

A duly certified transcript of the record was filed in this court, and when the case was reached on the regular call of the docket the decree of the chancery court was, by decree of this court, in all things affirmed, and the cause was remanded to the chancery court for the execution of the decree, and thereafter, in due course, procedendo issued accordingly to the chancery court. The decree of this court recites that no assignments of error were filed.

About six months after the aforesaid decree of this court, defendant Sadler filed a petition for a writ of error, accompanied by an assign-

ment of errors and brief, and, at the same time, procured the transcript of the record already in this court (having been filed on the aforesaid appeal of Willis and Miller) to be marked "filed for writ of error." The petition and record were thus filed for writ of error within a year after the decree of the chancery court. See Shan. Code, Sec. 4916 and notes.

It is urged on behalf of Willis and Miller, in support of their motion to dismiss the writ of error, that the aforesaid appeal of Willis and Miller brought up the whole case and opened for review the entire decree of the chancery court, and that defendant Sadler is seeking, by writ of error, a second review by this court of the same record and the same questions adjudicated on the appeal, and that this is not permissible.

We are of the opinion that the contention thus made is sound, and is supported by the authorities. Where there is a broad appeal by one party in a chancery case tried according to the forms of the chancery court, and the decree of the appellate court will necessarily affect the party or parties who have not appealed, the whole case is open for review in the appellate court, and an appellee may assign errors upon any ruling or decree of the chancery court adverse to him. Taylor v. Elgin, 140 Tenn., 602, 610, 617, 622, 205 S. W., 428; State ex rel. v. Bolt, 130 Tenn., 212, 218, 169 S. W., 761; Oppenheimer v. Bank, 97 Tenn., 19, 23, 36 S. W., 705; Wilson v. Scruggs, 7 Lea, 635, 641; Parsons v. Kinzer, 3 Lea, 342, 352; Grubb v. Browder, 11 Heisk., 299, 303; Carnes v. Polk, 5 Heisk., 244, 250; Wood v. Cooper, 2 Heisk., 441, 454; Morris v. Richardson, 11 Humph., 389, 392.

And a party is not entitled to have the same decree or judgment of a trial court reviewed twice by the appellate court. Crowe v. B. & N. W. Railway Co., 156 Tenn. 349, 1 S. W., Second Series, 781; Johnson v. Murphy, 107 Tenn., 558, 64 S. W., 895; St. Louis etc. Railway Co. v. McLelland, 62 Fed., 118, 10 C. C. A., 302; Gainesville, etc., Railway Co. v. Lacy (Texas), 26 S. W., 413, 414; Harris et al. v. Simmang et al. (Texas), 29 S. W., 668, 669.

The case last cited (Harris et al. v. Simmang et al.) is, in its essential facts and the point in judgment, strikingly similar to the case at bar. Paraphrasing the language of the court in that case, it may be said that defendant Sadler, having been a necessary party to the former appeal and having been brought to this court on that appeal, had the opportunity to file his assignments of error and have his rights, if any, adjudicated. He, therefore, has had his day in court, and cannot now sue out a writ of error and have the case reopened.

Continuing, the court (in Harris v. Simmang, supra) said: "It was never intended by the law that an appellee could lie quiescent while his rights and those of others were being adjudicated by an appellate court, and, after a decision that is not agreeable to him,

sue out a writ of error, and present the same case for readjudication. It is the policy of the law to discourage and prevent vexatious and troublesome litigation, and to discountenance any attempt to have successive appeals brought up on the same record from the same judgment.''

For the reasons herein stated, the motion of Willis and Miller is sustained, and the writ of error is dismissed at the cost of the petitioner R. L. Sadler, and an order will be entered accordingly.

Crownover and DeWitt, JJ., concur.